## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES DEWEESE CONSTRUCTION, INC. | ) | Case No. 22-10355 (11)(1) |
| | ) | |
| _____Debtor(s)_____ | ) | |
| | ) | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | ) | A.P. No. 23-01013 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE FARMERS BANK | ) | |
| | ) | |
| _____Defendants._____ | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss the Trustee's Complaint filed by Defendant The Farmers Bank ("Farmers"). The Court reviewed Farmers' Motion to Dismiss Trustee's Complaint, the Response to Defendant's Motion to Dismiss Trustee's Complaint of Mark R. Little, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Charles Deweese Construction, Inc. ("Debtor") and the Reply of Farmers to the Trustee's Response. For the following reasons, the Court will **DENY** Farmers' Motion to Dismiss the Trustee's Complaint.

## BACKGROUND

On November 29, 2023, the Trustee instituted this adversary proceeding with the filing of a Complaint against Farmers. The Complaint is 24 pages long and contains 11 separate Counts against Farmers. *See* ¶88-¶159 of the Complaint. Additionally, the Complaint contains extensive

background information detailing the facts and circumstances in support of the Claims for Relief set forth in the Complaint.

Farmers provided loans to the Debtor, Debtor's equity owners, Charles and Penny Deweese (the "Deweeses") and the Debtor's affiliates, Coco, LLC ("Coco"), Jed Holding Company, LLC ("Jed"), Drakes Creek Holding Company, LLC ("Drakes Creek") and Weldon, Inc. ("Weldon"). Together the Deweeses, Coco, Jed, Drakes Creek and Weldon are referred to herein as the "Affiliates".

Over the course of this lending relationship, Farmers would provide loans and receive collateral and payments from the Debtor. The Trustee contends that Farmers did not ensure that the collateral and payments were properly allocated to the Debtor or the Affiliates, and that the Debtor received no value from the loans. Additionally the Trustee contends Farmers also asserted liens against Debtor's collateral although Debtor had no obligation on the loans.

The Trustee seeks to avoid and recover from Farmers all preferential and non-authorized post-petition transfers of the Debtor under 11 U.S.C. §§ 547, 549 and 550 of the Bankruptcy Code.

The Trustee also seeks to avoid and recover from Farmers any transfers that may have been fraudulent under KRS 378A.040, 378A.050, and 11 U.S.C. § 540 of the Bankruptcy Code.

The Trustee also seeks to subordinate Farmers' Proof of Claims asserted against the Debtors and to disallow Farmers' claims against the Debtor under 11 U.S.C. § 502 of the Bankruptcy Code.

Farmers contends that the Trustee's Complaint should be dismissed pursuant to Rule 12(b)(6). After considering each of Farmers' grounds asserted for dismissal of the Trustee's Complaint, the Court finds no basis at this time for dismissal of the Trustee's Complaint.

Under the General Rules of Pleading, a pleading that states a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In pleading special matters, such as fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Farmers contends that the Complaint herein is so lengthy that it is nothing more than a "shotgun" pleading that fails to comply with Fed. R. Civ. P. 8(a)(2) and (9)(b). The Court disagrees with Farmers characterizations of the Complaint.

In order to survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain enough factual detail to provide a defendant fair notice of the claims and enable him to prepare a defense. *Lee v. Ohio Educ., Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020).

Farmers' Motion to Dismiss is based on its claim that the Complaint is so long that it is confusing and "fails to give the Defendant fair notice of the Plaintiff's claim." *See* Motion to Dismiss, at p. 2. Additionally, Farmers claims that those sections of the Complaint based on fraud are not plead with particularity.

The Court disagrees with Farmers' analysis of the Complaint. Each Count states the type of transaction alleged, as well as the statute supporting each Count. The introductory paragraphs of the Complaint, particularly the section set forth in paragraphs A-G, provide further detail on the transactions which provide the basis for each Count of the Complaint. Between the information provided in these introductory paragraphs of the Complaint and the information set forth under each

-3-

Count, there are "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claims. *Twombly*, 550 U.S. at 556.

Additionally, those claims asserting fraud under Rule 9(b), while subject to a heightened pleading standard, are sufficient to put Defendant on notice of the alleged misconduct and to narrow potentially wide-ranging discovery to relevant matters. *Republic Bank & Trust Co. v. Bear Stearns, Co.*, 683 F.3d 239, 255 (6th Cir. 2012). However, this heightened pleading standard, should not defeat the general policy of "simplicity and flexibility" in pleadings. *Monaco Industries, LLC v. Fomento Economic Mexicano S.A.B. DE C.V.*, d/b/a FEMSA, 2023 WL 4923937 (E.D. Tenn. 2023) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 678 (6th Cir. 1988).

The Court at this stage of the proceeding need only accept the "well pleaded facts alleged in the Complaint," as true. Acceptance of the truth of the allegations of the Complaint, leaves this Court to conclude that causes of action exist against the Defendant herein. This is all that is required of the Plaintiff at this early stage of the proceeding.

The parties are free to engage in discovery to either prove or disprove the claims of the Complaint. After sufficient discovery is conducted, dispositive motions may be filed in an effort to prove or disprove the effectiveness of the Plaintiff's claims. However, at this stage of the proceeding, dismissal of the Complaint is not supported by the record.

**CONCLUSION**

For all of the above reasons, the Court will **DENY** Farmers' Motion to Dismiss the Trustee's Complaint.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 19, 2024

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES DEWEESE CONSTRUCTION, INC. | ) | Case No. 22-10355 (11)(1) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | ) | A.P. No. 23-01013 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE FARMERS BANK | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to the Memorandum-Opinion incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss

the Trustee's Complaint filed by Defendant The Farmers Bank, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 19, 2024